## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADEL SAEED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-861-XR |
| | § | |
| RUNNING COOL EXPRESS, LLC, and | § | |
| MICHAEL L. DALE, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Extend Time to Serve the Summons and Complaint (docket no. 22).  After careful consideration, the Court will grant the motion.

## BACKGROUND

This case was commenced by the filing of Plaintiff Adel Saeed's Original Petition in the 45th Judicial District Court in Bexar County, Texas, on August 31, 2015.  Docket no. 1-2 at 3.  On October 5, 2015, Defendant Running Cool Express, LLC ("Running Cool Express") removed the case to this Court.  Docket no. 1.  Saeed filed a Motion to Extend Time to Serve the Summons and Complaint as to Defendant Michael L. Dale on March 21, 2016.  Docket no. 22.  Saeed requests a 90-day extension to serve Dale.  *Id.* at 4.

## LEGAL STANDARDS

Under Rule 4(m), when a plaintiff fails to serve a defendant within the 90-day period, the Court has two choices: either "dismiss the action without prejudice . . . or direct that

1

service be effected within a specified time."[1] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  "The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause."  *Id.*   If good cause is present, the district court must extend time for service.  *Thompson*, 91 F.3d at 21.  If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.  *Id.*   Good cause normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

Even when good cause is lacking, the Court must decide whether to exercise its discretion to extend the time for service.  The 1993 Advisory Committee Note to Rule 4(m) states that the district court may consider whether the "applicable statute of limitations would bar the refiled action."  When limitations could serve to bar a re-filed action and render the dismissal in effect "with prejudice," this Court's discretion is more limited.  *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008).  A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'"  *Id.* at 326.  In addition, to justify dismissal with prejudice, there must generally be at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.*

---

[1] This case commenced prior to December 1, 2015, the date on which the amendments to the Federal Rules became effective. Thus, as a courtesy, the Court will apply the 120-day deadline in this case as opposed to the new 90-day deadline to effectuate service.

## ANALYSIS

The first inquiry is whether Saeed has established good cause for his failure to timely serve Dale.  In his motion and attached exhibits, Saeed describes his previous efforts to serve Dale.  On September 13, 2015, Tim Arnold, a private process server, attempted to serve Dale at 4058 9th St., Wayland, Michigan, 49348.  Docket no. 22-1.  Arnold was told by residents of the property that Dale no longer lived there and did not leave a forwarding address.  *Id.*

After this attempt, Saeed made no further attempts to serve Dale until February 2016. *See* docket no. 22-1 at 42.  Saeed claims that he did not attempt to serve Dale between September and February because he was focusing on complying with the Court's other orders. Docket no. 22 at 2. In February, Erich Hein, a private process server, attempted to serve Dale on three occasions at 11617 Winchester Dr., Shelbyville, Michigan, 49344—an address he obtained from the Michigan Department of State.  Docket no. 22-1 at 42.  On February 17, 2016, Hein attempted service but no one was home.  *Id.*  He left a card on the front door.  *Id.* Two days later, he returned.  *Id.*  Again no one answered, but his card had been removed from the door.  *Id.*  Hein attempted service again on February 20, 2016, but was unsuccessful.  *Id.*

The Court finds that Saeed has failed to demonstrate good cause for the failure to timely effect service.  This case was removed on October 15, 2015.  Docket no. 1.  The deadline to serve Dale was thus February 2, 2016.[2]  According to Saeed's own motion and the reports from the process servers, no attempt was made to serve Dale or surmise his correct address during the entire 120-day period.  It was not until the Court's February 4, 2016, status conference, where the status of service was discussed, that Saeed began to take action.

---

[2] In removed cases, the Rule 4(m) time period starts to run upon removal, not the date the state court petition was filed. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010); 4B Wright, Miller, Kane & Marcus, *Federal Practice and Procedure: Civil* § 1137 (3d ed.).

Given that the Court has found no good cause for the failure to timely serve Dale, the Court must next decide whether to exercise its discretion to extend the time for service despite such failure.  The 1993 Advisory Committee Note to Rule 4(m) states that the district court may consider whether the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Saeed filed suit on August 31, 2015, alleging a claim for negligence related to an automobile accident that took place on September 11, 2013.  Docket no. 1-2 at 3.  The statute of limitations for negligence claims in Texas is two years.  *Baptist Memorial Hosp. Sys. v. Arredondo*, 922 S.W.2d 120, 121 (Tex. 1996).  Because limitations could serve to bar a re-filed action, this factor weighs in favor of extending the time for service.  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).  Moreover, "in exercising Rule 4(m) discretion, courts within the Fifth Circuit have ventured outside those suggestions found in the Advisory Committee Note and extended time for service of process where it is judicially efficient to do so, and/or where the defendant is not prejudiced as a result of a plaintiff's failure to effect service."  *Vessel Leasing, LLC v. Barge ACL-01537 in rem*, Civ. Ac. No. 1:05-CV-440, 2007 WL 3343046 (S.D. Miss. Nov. 7, 2007).

The Court concludes that an extension of time is appropriate, given that Saeed has made several good faith attempts at service, has moved for an extension, the delay is not excessive, and limitations may bar a refiled action.  Accordingly, the Court grants the motion to extend time to complete service, but will give Saeed only sixty days rather than the ninety days requested.

**CONCLUSION**

Plaintiff Adel Saeed's Motion for Extension of Time to Serve the Summons and Complaint (docket no. 22) is GRANTED.  Saeed is given until **May 30, 2016**, to serve Dale as discussed herein or to show cause why additional time is needed.

It is so ORDERED.

SIGNED this 29th day of March, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5